UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INNOVATIVE SPORTS MANAGEMENT,
INC.,

*Plaintiff*,

v.

CARMEN QUEZADA, et al.

*Defendants*.

Case No. 25-CV-4710 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Innovative Sports Management, Inc. d/b/a Integrated Sports Media ("Plaintiff") brings

this Action against Carmen Quezada, individually and as officer, director, shareholder and/or

principal of Guadalupe Mix Restaurant & Deli Corp, and Guadalupe Mix Restaurant & Deli

Corp. (collectively "Defendants"), seeking compensatory and statutory damages for violations of

the Communications Act, 47 U.S.C. §§ 553, 605, as well as the Copyright Act, 17 U.S.C. §§ 501,

504–05.  (Compl. ¶¶ 1, 8–9, 12, 25–29, 35–36, 42–45 (Dkt. No. 1).)  Before the Court is

Plaintiff's Motion for a Declaratory Judgment, which is supplemented with various supporting

materials.  (*See* Dkt. No. 18; Dkt. No. 19; Dkt. No. 20; Dkt. No. 23.)  For the reasons explained

below, the Motion is denied without prejudice.

First, Plaintiff's filings do not comply with the Court's Individual Rules.  This Court's

Individual Rules of Practice state that "a Party who wishes to obtain a default judgment must

proceed by way of an Order To Show Cause." *See* Individual Rules of Practice of the Honorable

Kenneth M. Karas, IV.  Initially, Plaintiff did not move for a default judgment by way of an

Order to Show Cause.  (*See* Dkt.)  Relatedly, Plaintiff did not comply with the Court's Individual

Rules of Practice for Default Judgment Proceedings.  Among other issues, Plaintiff's submissions did not include the required "attorney's affidavit" setting out the basis for the requested default.  *See* Individual Rules of Practice for Default Judgment Proceedings of the Honorable Kenneth M. Karas, 2(c).  Instead, Plaintiff filed an affidavit from its President and a memorandum of law from its attorney.  (*See* Dkt. No. 19; Dkt. No. 20.)  Plaintiff eventually filed an Order to Show Cause for Default and supporting affidavit, but much of the requested information does not appear in either the attorney's or the president's affidavit, but only in the memorandum of law.  (*See generally* Dkt. No. 19.)  Failure to comply with the Court's Individual Rules would, on its own, support the denial of Plaintiff's Motion.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Mc Dermott*, No. 20-CV-352, 2022 WL 2392522, at *3 (S.D.N.Y. July 1, 2022) (denying motion for default judgment without prejudice for failure to comply with individual rules of practice).

More substantively, however, the Court notes problems with Plaintiff's damages calculations.  To start, Plaintiff's requested damages for Communications Act violations are too high.[1]  In a case involving unauthorized interception of a broadcast (like this one), where a Plaintiff seeks statutory damages according to the Communications Act, 47 U.S.C. § 605(e)(3)(C)(i)(II), the Court determines those damages based on the greater of two numbers: the flat fee that Plaintiff would have charged Defendants to air the programming at their establishment or the sum of what each individual who viewed the event at Defendant's

---

[1] Plaintiff correctly notes that "when claims are asserted against defendants alleging violations of both 47 U.S.C. § 605 and § 553, courts in the Second Circuit have routinely held that a Plaintiff cannot recover under both communication piracy (47 U.S.C. § 605) and cable piracy (47 U.S.C. § 553)," and accordingly seeks damages under 47 U.S.C. § 605 rather than attempting to pursue damages for both asserted Communications Act violations.  (Dkt. No. 19 at 5).

establishment would have paid to view it at home.  *J & J Sports Prods., Inc. v. Sugar Cafe Inc.*, No. 17-CV-5350, 2018 WL 324266, at *1 (S.D.N.Y. Jan. 5, 2018).  Materials that Plaintiff submitted suggest that Defendants' business had a capacity of fewer than 50 people, (Dkt. No. 20-3 at 2), and that Defendants would have charged a rate of $1,000 to obtain a license to air the event at a business of that size, (Dkt. No. 20-1 at 1).  So far as the Court can discern, Plaintiff did not submit any materials describing the cost per person to view the event at home.  At most, then, the base statutory damages would be $1,000—not the $7,5000 in statutory damages that Plaintiff seeks.  (*See* Dkt. No. 19 at 11.)

Plaintiff also seeks enhanced damages based on willfulness pursuant to the Communications Act, 47 U.S.C. § 605(e)(3)(C)(ii).  In considering such requests, courts in this district look to factors that include "substantial unlawful monetary gains by a defendant, the collection of a cover charge or premiums for food and drinks, and a plaintiff's claim of damage to its goodwill and reputation," *J & J Sports Prods.*, 2018 WL 324266, at *2 (quotation marks and citations omitted), as well as "repeated violations," and a defendant's "advertising the broadcast," *J & J Sports Prods., Inc. v. Kosoria*, No. 06-CV-2102, 2007 WL 1599168, at *3 (S.D.N.Y. June 1, 2007), to determine whether enhanced damages should be awarded where willfulness is present.[2]  Based on the materials that Plaintiff submitted, the only factor weighing in favor of enhanced damages is unlawful monetary gains in the form of additional patronage the

---

[2] The allegations in the Complaint suffice to establish willfulness, given that Defendant had to intercept the broadcast.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761, 2013 WL 2352855, at *8 (E.D.N.Y. May 29, 2013) ("The broadcast of an event without authorization is a deliberate act, and thus establishes willfulness."); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").

night of the intercepted match.  (*See* Dkt. No. 20-3 (describing that no cover charges were added).)   Plaintiff seeks $7,500 in enhanced damages.  The Court notes that the standard approach in this district is to award enhanced damages equal to three to four times the amount of statutory damages, which would be at most $4,000.  *See G & G Closed Cir. Events, LLC v. Batista*, No. 21-CV-07352, 2022 WL 1571987, at *7 (S.D.N.Y. May 3, 2022), *report and recommendation adopted*, No. 21-CV-7352, 2022 WL 1570943 (S.D.N.Y. May 18, 2022); *Joe Hand Promotions, Inc. v. Batista*, No. 20-CV-6460, 2021 WL 3855315, at *9 (S.D.N.Y. July 23, 2021), *report and recommendation adopted*, No. 20-CV-6460, 2021 WL 3855311 (S.D.N.Y. Aug. 27, 2021).  Moreover, the Court must also consider the burden that enhanced damages would pose for Defendants: in the absence of "proof that [Defendants] advertised the [event], charged a cover charge or premium on food and drinks," the Court is not convinced that this large an amount of enhanced damages would do anything more than overburden "a small establishment," as Defendant Guadalupe Mix and Grill appears to be.  *See Kingvision Pay-Per-View Ltd. v. Phillips*, No. 06-CV-4805, 2006 WL 8461281, at *2 (S.D.N.Y. Oct. 3, 2006).  Given the lack of support for the requested damages and the potential burden on Defendants, Plaintiff is not entitled to the amount of requested enhanced damages for the alleged Communications Act violation.

Plaintiff next seeks statutory damages and damages for willful infringement according to the Copyright Act, 17 U.S.C. § 504(c)(2).  Plaintiff contends that a base damages award of $7,500 is warranted given that the infringement was "public, commercial, and deprived the rights-holder of licensing revenue."  (Dkt. No. 19 at 11.)  The Court has found no cases that would support an award of this magnitude.  Instead, typical damages appear to be awards that either equal the same amount awarded under the Communications Act or to an amount that is

4

twice the value of the licensing fee. *See Joe Hand Promotions, Inc. v. Miller*, No. 20-CV-132, 2021 WL 1394508, at *10 (E.D.N.Y. Feb. 26, 2021), *report and recommendation adopted*, No. 20-CV-132, 2021 WL 1207319 (E.D.N.Y. Mar. 31, 2021) (granting base award equal to licensing fee); *Joe Hand Promotions, Inc. v. Mohamed*, No. 20-CV-557, 2021 WL 2895637, at *9 (E.D.N.Y. July 9, 2021) (same); *Joe Hand Promotions, Inc. v. Infante*, No. 20-CV-1650, 2020 WL 6063796, at *3 (S.D.N.Y. Oct. 14, 2020) (granting base award equal to twice the licensing fee); *Innovative Sports Mgmt., Inc. v. Acevedo*, No. CV 19-1690, 2020 WL 5134423, at *7 (E.D.N.Y. June 4, 2020) (noting "there appears to be no consensus within this Circuit as to the amount to award for a willful violation of the Copyright Act where the plaintiff is to receive a parallel award under the Communications Act" but recommending the award be limited to the amount granted under the Communications Act), *report and recommendation adopted*, No. 19-CV-1690, 2020 WL 6063250 (E.D.N.Y. Oct. 14, 2020). This would mean a base award of $1,000 to $2,000, which could then be supplemented by a comparable quantum willful damages. *See, e.g., Innovative Sports Mgmt., Inc.*, 2020 WL 5134423, at *7 (awarding willful damages equal to base damages).

Finally, Plaintiff seeks attorney's fees, the award of which is mandatory pursuant to 47 U.S.C. § 605. The Court has absolutely no basis upon which to determine the propriety of the requested fees, given the aforementioned lack of attorney affidavit. This request, too, is denied without prejudice. Any further requests for attorney's fees should include a declaration supporting the requested fees and costs. *See, e.g., Directv, Inc. v. Sardone*, No. 03-CV-4168, 2006 WL 162917, at *3 (S.D.N.Y. Jan. 19, 2006) (evaluating fees request after supplemental materials were submitted).

For the reasons set forth above, Plaintiff's Motion is denied without prejudice.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 18.

SO ORDERED.

Dated:    December 22, 2025
          White Plains, New York

KENNETH M. KARAS
United States District Judge